**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CARLOS J VELAZQUEZ MUNOZ,<br>        Appellant, | DOCKET NUMBER<br>NY-0752-21-0100-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>        Agency. | DATE: August 31, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carlos J Velazquez Munoz</u>, Toa Alta, Puerto Rico, pro se.

<u>Byron D. Smalley</u>, Esquire and <u>Davina Minnix</u>, Esquire, Washington, D.C.,
    for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his 15-day suspension for the charge of conduct unbecoming towards a subordinate.  On petition for review, the appellant primarily challenges the penalty, requesting that the Board decrease the length of his suspension.  Petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

for Review (PFR) File, Tab 1 at 5. He also repeats his arguments that he did not purposefully send the explicit text message from his cell phone, that he was remorseful about what had happened, and that he had a strong record both at the agency and in the military. *Id.* at 4-5; Initial Appeal File (IAF), Tab 7 at 4-6. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find the penalty of a 15-day suspension is reasonable for the sustained misconduct, without regard to the letter of admonishment improperly considered as prior discipline by deciding official, we AFFIRM the initial decision.

¶2 On review, the appellant repeats his argument that the agency should have treated the misconduct in the present appeal as a first offense, but that he "was told several times that the 15 days suspension was due that this was [his] second offense." PFR File, Tab 1 at 4; IAF, Tab 7 at 4. Regarding the penalty, it is undisputed that the deciding official considered a letter of admonishment as prior discipline that was no longer a matter of record as of the date of the issuance of

the proposed notice of removal and decision letter.[2]  IAF, Tab 5 at 17-19, 57; *see Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981) (explaining the limited scope of the Board's review of a prior disciplinary action as a factor in the agency's penalty selection, including determining whether the prior discipline is a matter of record).  In an initial decision affirming the appellant's 15-day suspension, the administrative judge noted that the proposing and deciding officials both considered as prior discipline a letter of admonishment that was no longer a matter of record because more than 2 years had passed since its issuance.  IAF, Tab 29, Initial Decision (ID) at 4.  However, she did not address the impact of this error in her penalty determination.  ID at 6.

¶3    When, as here, an agency errs in considering prior discipline, the Board determines whether the agency's penalty selection may be affirmed without regard to the improperly considered discipline.  *Prather v. Department of Justice*, 117 M.S.P.R. 137, ¶ 35 (2011).  For the following reasons, we find that the agency's penalty of a 15-day suspension is well within the tolerable limits of reasonableness for the sustained misconduct.  As noted by the administrative judge, the deciding official testified that he would have imposed a 15-day suspension even in the absence of the prior letter of admonishment.  ID at 5; IAF, Tab 27, Hearing Recording (HR).  The appellant has not challenged the deciding official's testimony on review and instead generally repeats his prior arguments about the fairness of the penalty.  PFR File, Tab 1 at 4-5; IAF, Tab 7 at 4-6.  The deciding official's written decision and hearing testimony demonstrate that he considered the relevant factors in determining the appropriate penalty.  HR; IAF, Tab 5 at 18-19; *see Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677,

---

[2] The March 5, 2019 admonishment stated that management would retain a copy of the letter for a period of 2 years, after which it would no longer be a matter of record.  IAF, Tab 5 at 57.  Both the March 25, 2021 notice of proposed removal and May 17, 2021 decision were issued more than 2 years later.  *Id.* at 17, 25.  In its prehearing statement, the agency acknowledged that the deciding official had considered a letter of admonishment that was expired.  IAF, Tab 6 at 9.

¶ 53 (2007) (stating that, when all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

¶4  Regarding the nature and seriousness of the offense, the deciding official testified that sending a "lewd, pornographic message" to a subordinate employee was a serious offense and "totally unacceptable." HR; IAF, Tab 5 at 18. Moreover, he testified that, although he should not have considered the admonishment as prior discipline, the prior discipline demonstrated that the appellant was on notice about the type of misconduct involved in the present appeal.[3] HR; IAF, Tab 5 at 18; *see Jinks v. Department of Veterans Affairs*, 106 M.S.P.R. 627, ¶ 25 (2007) (stating that regardless of whether a prior disciplinary action is considered as an enhancing factor in the penalty determination, the agency can consider the prior action as notice that the appellant had been warned about the type of misconduct involved). Finally, the deciding official testified that the appellant had received preventative sexual harassment training and equal employment opportunity training. HR; IAF, Tab 5 at 18. Therefore, we find that the 15-day suspension remains a reasonable penalty for the sustained charge of conduct unbecoming toward a subordinate without regard to the improperly considered letter of admonishment that was no longer a matter of record. *See Prather*, 117 M.S.P.R. 137, ¶ 35.

---

[3] The March 5, 2019 letter of admonishment informed the appellant that an email message that he had sent violated a provision of the agency's ethics handbook, which states that "employees should not create any disturbances that would result in a negative impact on morale." IAF, Tab 5 at 57.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.